# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| LORENZO CLARK, | ) |  |
|---|---|---|
| #45804-44, | ) |  |
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 19-cv-00819-SMY |
|  | ) |  |
| Warden of FCI-Greenville,[1] | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Lorenzo Clark, a federal prisoner currently incarcerated at FCI-Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. He asserts that in light of *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (June 21, 2019), he was sentenced to an illegal term of imprisonment and that his conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) should be vacated. (Doc. 1, pp. 4, 5).

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.[2] Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

---

[1] The Court substitutes the Warden of FCI-Greenville for the named respondent, the USA. The proper respondent in a habeas corpus proceeding is the person who has *immediate* custody over the petitioner. 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004); Rules 2(a) and (b) of the Rules Governing Section 2254 Cases in the United States District Courts. Consequently, the warden of the United States Penitentiary located in Greenville, not the United States, is the proper respondent. *See Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir.2005) (any respondent who is not the prisoner's custodian should be dropped from the action).

[2] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner pled guilty in the Eastern District of Missouri (Case No. 16-cr-00158) and was sentenced on November 2, 2016 to 70 months incarceration; he did not file an appeal or a motion under § 2255. (Doc. 1, p. 1). Petitioner claims that neither the indictment nor the plea agreement in his case indicated that he had knowledge of his felony status when he possessed the firearm, and that as a result, the government did not prove every essential element of the crime. *Id.* at pp. 1, 4. In *Rehaif*, the Supreme Court held that:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

*Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (defendant's conviction for illegal possession of firearm and ammunition was based on his status of being illegally or unlawfully in the United States; reversing/remanding because the Government had not been required to prove at trial that defendant knew he was unlawfully in the country).

Given the limited record and the still-developing application of *Rehaif*, it is not plainly apparent that Petitioner is not entitled to habeas relief. Accordingly, without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts, and a response will be ordered.

## Disposition

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead within

thirty days of the date this order is entered (on or before December 18, 2019).[3] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

In accordance with footnote 1, the Clerk of Court is **DIRECTED** to substitute the Warden of FCI-Greenville as Respondent in this action and terminate USA as a party.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and the Respondent) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Dated: 11/18/2019**

                                                   *s/Staci M. Yandle*
                                               **STACI M. YANDLE**
                                               **United States District Judge**

---

[3] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.