IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LORENZO CLARK, # 45804-044,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) Case No. 19-cv-819-RJD[1] |
| | ) |
| **WARDEN, FCI-GREENVILLE,** | ) |
| | ) |
| **Respondent.** | ) |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Petitioner Lorenzo Clark, an inmate in the Bureau of Prisons, filed this *pro se* Habeas Corpus action pursuant to 28 U.S.C. § 2241 in July 2019. (Doc. 1). Clark invokes the recent decision of *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019) as the basis for his claim that his conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) should be vacated. (Doc. 1, pp. 4-5). Respondent answered the Petition. (Doc. 10). Clark was given an opportunity to reply to Respondent's arguments (Docs. 11, 13) but has not done so.

## Relevant Facts and Procedural History

In August 2016, Clark pled guilty in the Eastern District of Missouri to a one-count indictment for felon in possession. *United States v. Lorenzo Clark*, Case No. 16-cr-00158 (E.D. Mo.); (Doc. 1, p. 1; Doc. 10, pp. 1-2). He was sentenced on November 2, 2016 to 70 months incarceration. (Doc. 1, p. 1; Doc. 10, p. 4). Clark did not file an appeal or any previous collateral attack against his sentence. (Doc. 1, pp. 1, 9).

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. § 636(c). *See* Doc. 9.

## **Applicable Legal Standards**

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is also normally limited to only *one* challenge of his conviction and sentence under Section 2255. He or she may not file a "second or successive" Section 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, it is possible for a prisoner to challenge his federal conviction or sentence under Section 2241. Specifically, 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *see also United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002). The

Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." In other words, "there must be some kind of structural problem with section 2255 before section 2241 becomes available." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

Following *Davenport*, a petitioner must meet three conditions in order to trigger the savings clause. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

### The Rehaif Decision

On June 21, 2019, the Supreme Court held in *Rehaif*:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

*Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (defendant's conviction for illegal possession of firearm and ammunition was based on his status of being illegally or unlawfully in the United States; reversing/remanding because the Government had not been required to prove at trial that defendant knew he was unlawfully in the country). The opinion abrogated

3

nationwide precedent in all eleven circuit courts of appeal which had held that knowledge was not an element that the prosecution must prove to obtain a conviction.

## Analysis

Clark argues that neither the indictment nor his plea agreement indicated that he "had knowledge of his felony status when he possessed the firearm." (Doc. 1, p. 1). As a result, he asserts that the government did not prove every essential element of the crime in light of *Rehaif*, and that he is imprisoned for a nonexistent crime. (Doc. 1, p. 4).

Respondent notes that the written guilty plea agreement contains Clark's admission that he fully understood the elements of his crime, which included that he had been previously "convicted of a crime punishable by imprisonment for a term exceeding one year" and that he "thereafter knowingly possessed a firearm." (Doc. 10, p. 2; Doc. 10-2, pp. 2, 4). The plea agreement also referenced the possibility that Clark could be determined to be an armed career criminal based on his criminal history. (Doc. 10, p. 3; Doc. 10-2, pp. 5-7). Clark's Presentence Investigation Report (PSR) detailed his prior criminal record, including that he served prison sentences that exceeded one year for three different felony convictions, and was still on parole for one of those cases when he committed the felon-in-possession offense. (Doc. 10, pp. 3-4; Doc. 10-3, pp. 10-13).

As to the first two savings clause elements that must be satisfied for a prisoner to bring a challenge under Section 2241, Respondent notes that *Rehaif* is a statutory interpretation case, and "anticipates" that the Seventh Circuit will find that a *Rehaif* claim is cognizable on collateral review. (Doc. 10, pp. 7-8). However, he asserts that Clark cannot satisfy the third *Davenport* factor – a showing that his conviction or sentence suffers from a "fundamental defect" grave enough to amount to a miscarriage of justice. Respondent argues that the record in Clark's case

4

is "replete with evidence" that he knew he was a felon when he possessed the weapon, and he cannot establish that he was actually innocent of the felon-in-possession offense. (Doc. 10, pp. 8-9).

Taking a step back from this argument, however, the pleadings make clear that Clark cannot meet the second *Davenport* condition – a showing that Section 2255 is "inadequate or ineffective" to allow him to raise his *Rehaif* argument in an initial Section 2255 motion. Clark and Respondent both note that he has not previously filed a Section 2255 motion, and the docket in his criminal case shows no such filing.[2] (Doc. 1, p. 1; Doc. 10, p. 4).

While Respondent did not raise the point in this case, the Government has conceded in more recent filings in other cases that pursuant to a directive from the Department of Justice, the new rule announced in *Rehaif* may be raised in an initial proceeding brought under 28 U.S.C. § 2255 within one year of the date of the *Rehaif* opinion, and will be retroactively applicable in that context. *See, e.g., Henderson v. Werlick*, Case No. 19-cv-1005-SMY (S.D. Ill., Jan. 27, 2020 Motion to Dismiss, Doc. 13, pp. 5-7); *Amelia v. Werlich*, Case No. 19-815-RJD (S.D. Ill., January 10, 2020 Motion to Dismiss, Doc. 16, pp. 4-6);[3] 28 U.S.C. § 2255(f)(3). *See also United States v. Burgos*, No. 19-C-7305, 2020 WL 2098049, at *3 (N.D. Ill. May 1, 2020) (*Rehaif* applies retroactively on collateral review in a Section 2255 proceeding). The Court therefore concludes that Clark still has the opportunity to seek relief on his *Rehaif* claim in the Eastern District of Missouri in a Section 2255 proceeding.

---

[2] The Court has consulted the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) (last visited May 19, 2020) to review the criminal case in the Eastern District of Missouri. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

[3] The Government does not concede that a prisoner would be entitled to relief in a Section 2255 motion raising *Rehaif*, only that such a claim may be raised in the district of conviction in a first motion filed within one year of the *Rehaif* decision. *Amelia v. Werlich*, Case No. 19-815-RJD (S.D. Ill., January 10, 2020 Motion to Dismiss, Doc. 16, p. 8).

The Court makes no comment on the merits of Clark's *Rehaif* argument. The availability of the Section 2255 proceeding is enough to disqualify Clark from seeking relief in this Section 2241 action, because he cannot meet the second savings clause requirement. 28 U.S.C. § 2255(e); *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015). This action is therefore subject to dismissal.

## Conclusion

Lorenzo Clark's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1), is **DISMISSED**. This dismissal shall be **without prejudice** to Clark pursuing his *Rehaif* claim through a motion under 28 U.S.C. § 2255 in the sentencing court, should he wish to do so.

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Clark wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Clark plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Clark does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Clark to obtain a certificate of appealability from this disposition of his Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: May 22, 2020**

*s/ Reona J. Daly*
**REONA J. DALY
UNITED STATES MAGISTRATE JUDGE**